IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FORNAZOR INTERNATIONAL, INC., <br><br> Plaintiff, <br><br><br><br><br> vs. <br><br><br> NICHOLAS A. HUNTSMAN, MOUNTAIN SUNRISE FEED, LLC, EXPORT PROCESSORS, LLC, DOES 1–10, ESTATE OF LYMAN HUNTSMAN, and DOES 11–100 <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR A MORE DEFINITE STATEMENT <br><br><br><br><br> Case No. 2:14-CV-291 TS |

This matter is before the Court on Defendants' Motions to Dismiss or for a More Definite Statement.[1]  For the reasons set forth below, the Court will grant the Motions for a More Definite Statement.

## I.  BACKGROUND

This case arises out of a dispute between Fornazor International, Inc. ("Fornazor") and Nicholas A. Huntsman ("Mr. Huntsman"), Mountain Sunrise Feed, LLC ("Sunrise"), Export Processors, LLC ("Export"), Does 1–10, Estate of Lyman Huntsman ("Estate"), and Does 11–100.  Mr. Huntsman is an owner and operator of Sunrise and Export.  Huntsman, Sunrise,

---

[1] Docket Nos. 14–15.

Export, and Does 1–10 will be referred to hereon as "Huntsman Defendants."  Estate is an open estate created due to the death of Lyman Huntsman, brother of Mr. Huntsman and former part owner of Sunrise.  Estate is administered by Marie Huntsman, the wife of Lyman Huntsman.

The crux of this dispute is based on Huntsman Defendants allegedly using Fornazor's hay without Fornazor's knowledge, approval, or receipt of any compensation.  Due to this, Fornazor is seeking $1,100,710.64 in damages.  Fornazor's Complaint alleges ten claims: breach of contract, promissory estoppel, unjust enrichment, negligent misrepresentation, conversion, breach of agency duties, fraudulent nondisclosure/constructive fraud, fraudulent transfer, declaratory and injunctive relief, and constructive trust and accounting.

In response to Plaintiff's Complaint, Huntsman Defendants and Estate have each filed a Motion to Dismiss or for a More Definite Statement.  Huntsman Defendants' main argument is that Fornazor only makes generic claims against all defendants collectively and does not specify how each defendant was at fault for each claim.  Huntsman Defendants claim that this lack of specificity should be cured so as to allow them to better respond to Fornazor's Complaint.  In addition, Estate claims that none of the causes of action allege sufficient details of how Estate would be liable for the alleged unlawful actions of the other defendants.

## II.  DISCUSSION

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[2]  Where factual allegations have been established, the lack of notice to the

---

[2] Fed. R. Civ. P. 12(e).

defendant and the defendant's inability to draft an answer leads the court to call for a more definite statement under rule 12(e), instead of dismissing the claims.[3]

Having carefully reviewed Fornazor's Complaint, the Court agrees with Defendants that it should be clarified to allow for Defendants to appropriately respond.

To demonstrate the lack of clarity in the Complaint, the Court will point out a few of the areas of ambiguity in the Complaint, but not all of the areas that can or should be clarified.  First, in Fornazor's Complaint there is no indication as to how each Defendant acted and should be held accountable.  The Court notes that Fornazor explained that Mr. Huntsman was acting on behalf of Sunrise and Export.  However, it is not clear from the Complaint whether Huntsman Defendants, were all acting in the same way or how Mr. Huntsman's actions or omissions should be attributed to Sunrise and Export.  By clarifying this ambiguity, the Huntsman Defendants would be able to appropriately respond to the Complaint.

Second, in regards to the claim for fraudulent nondisclosure, both parties recognize that this claim is held to a heightened pleading standard under Federal Rule of Civil Procedure 9(b).  As the cause of action is currently alleged in the Complaint, there is a lack of specificity as to how each defendant acted and this too must be cured.

Third, in regards to Estate, claims one through seven also are lacking explanation of how Estate would be liable to Fornazor.  It is not clear if there was some contract between Huntsman and Estate that made Fornazor a third-party beneficiary.  In addition, there is no clarity as to how Estate would be liable for any actions or omissions of Huntsman.  The Complaint does assert that Estate will take upon itself the financial obligations of Huntsman, but it is not clear how such an assumption of financial obligation would make Estate directly liable to Fornazor for the

---

[3] *Whipple v. Am. Fork Irr. Co.*, 910 P.2d 1218, 1222 n.3 (Utah 1996); *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513–14 (2002).

abovementioned claims.  As the Complaint stands, it appears that Estate would only be liable to Huntsman, not to Fornazor.

Based upon these deficiencies, Fornazor must amend its Complaint to cure the lack of clarity and provide more definite statements so that all the defendants can appropriately respond to the Complaint.

### III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motions to Dismiss are DENIED and Defendant's Motions For a More Definite Statement (Docket Nos. 14 and 15) are GRANTED as set forth above. Fornazor is directed to file an Amended Complaint within thirty (30) days of this Order.

Dated this 13th day of November 13, 2014.

BY THE COURT:

_____

TED STEWART
United States District Judge

4