IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FORNAZOR INTERNATIONAL, INC.,<br><br>              Plaintiff,<br><br>v.<br><br>NICHOLAS A. HUNTSMAN,<br>MOUNTAIN SUNRISE REED, LLC,<br>EXPORT PROCESSORS, LLC, EXPORT<br>PROCESSORS, LLC, DOES 1-10,<br>ESTATE OF LYMAN HUNTSMAN, THE<br>LYMAN E. AND MARIE M.<br>HUNTSMAN FAMILY TRUST, AND<br>DOES 11-100,<br><br>              Defendants. | MEMORANDUM DECISION AND<br>ORDER ON PENDING MOTIONS<br><br><br>Case No. 2:14-CV-291 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on four pending motions: Plaintiff Fornazor International, Inc.'s, ("Fornazor") Motion to Amend Complaint; Defendants Estate of Lyman Huntsman (the "Estate"), the Lyman E. and Marie M. Huntsman Family Trust (the "Trust"), and Marie Holyoak's (together, the "Estate and Trust Defendants") Motion to Dismiss Crossclaim; the Estate and Trust Defendants' Motion to Dismiss Third-Party Complaint; and the Estate and Trust Defendants' Motion for Judgment on the Pleadings. A hearing was held on October 5, 2015. Having considered all the arguments, the Court will deny Fornazor's Motion to Amend Complaint as moot, and grant the Estate and Trust Defendants' remaining motions.

I. BACKGROUND

This case arises out of a dispute between Fornazor and Defendants Nicholas A. Huntsman ("Nick Huntsman"), Mountain Sunrise Feed, LLC ("Sunrise"), Export Processors,

1

LLC ("Export"), Does 1–10 (together, the "Huntsman Defendants"), the Estate, the Trust, Marie Holyoak, Wade Huntsman, and Does 11–100.

Nick Huntsman is an owner and operator of Sunrise and Export. The Estate is an open estate of the Decedent Lyman Huntsman (the "Decedent"), brother to Nick Huntsman, and former part-owner of Sunrise. The Trust is a family trust formed under and governed by the law of Utah. Marie Holyoak, formerly known as Marie Huntsman, wife of Lyman Huntsman, is the personal representative of the Estate and the trustee of the Trust, and has been sued individually as well as in her representative capacity. Wade Huntsman is Lyman Huntsman's son and a former employee of Sunrise.

In or about August 2011, Fornazor and the Huntsman Defendants entered into a business agreement whereby Fornazor agreed to purchase alfalfa hay and the Huntsman Defendants agreed to source, store, and process the hay on Fornazor's behalf. The crux of this dispute is based on the Huntsman Defendants alleged misuse of Fornazor's hay without Fornazor's knowledge, approval, or receipt of any compensation.

At the end of crop year 2012, Fornazor first noticed a deficit of approximately 1500 tons of alfalfa hay. Nick Huntsman was made aware of the discrepancy. Nick Huntsman alleges that his brother, the Decedent, and the Decedent's son, Wade Huntsman, were responsible for the management of the Fornazor accounts and together mismanaged and misappropriated funds.

The Decedent passed away on November 1, 2012. On January 31, 2013, the Huntsman Defendants entered into the Membership Interest Purchase Agreement ("the Agreement") with the Trust. The Agreement provided for the sale of the Trust's 50% share of Mountain Sunrise to Nick Huntsman. The Agreement also provided that the Trust "shall be liable for . . . existing

debts."[1] The Huntsman Defendants argue that the Estate and Trust Defendants are legally responsible for any debts owed to Fornazor.

On April 21, 2014, Fornazor filed suit against the Huntsman Defendants and the Estate and Trust Defendants. Fornazor's Amended Complaint asserts 25 causes of action against Defendants including: breach of contract, promissory estoppel, unjust enrichment, negligent misrepresentation, conversion, breach of agency duties, fraudulent nondisclosure/constructive fraud, fraudulent transfer, declaratory and injunctive relief, and constructive trust and accounting.

On February 12, 2015, the Huntsman Defendants filed an Amended Crossclaim and Amended Third-Party Complaint against the Estate and Trust Defendants. The Huntsman Defendants' Amended Crossclaim asserts two causes of action for contribution and indemnity. In their Third-Party Complaint, the Huntsman Defendants assert six causes of actions including: contribution, indemnity, embezzling, conversion, unjust enrichment, and breach of contract.

The Estate and Trust Defendants have filed a Motion to Dismiss Crossclaim and Motion to Dismiss Third-Party Complaint. Additionally, the Estate and Trust Defendants have filed a Motion for Judgment on the Pleadings against Fornazor's Amended Complaint.

On March 4, 2015, Fornazor filed a Motion to Amend its Amended Complaint to name the personal representative of the Estate and trustee of the Trust, Marie Holyoak, as a defendant in this matter, rather than the Estate and Trust themselves. Though Utah law provides that the Trust and Estate are to be sued by naming the trustee of the trust and the personal representative of the estate, leave to amend is moot because the Court will grant the Estate and Trust

---

[1] Docket No. 58-2, at 5.

Defendants' Motion for Judgment on the Pleadings and dismiss Fornazor's claims against the Estate and Trust.

## II.  STANDARD OF REVIEW

When considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[2] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[3] which requires "more than an unadorned, the-defendant-unlawfully harmed-me accusation."[4]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[5]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6]  As the Court in *Iqbal* stated,

> [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.[7]

---

[2] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Id*. (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

[6] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."[8] Thus, "[t]he same standard is used when evaluating 12(b)(6) and 12(c) motions."[9]

## III.  DISCUSSION

### A.  MOTION TO DISMISS CROSSCLAIM

The Estate and Trust Defendants argue that the Huntsman Defendants' crossclaims for contribution and indemnification should be dismissed against them under Utah's Nonclaim Statutes, Utah Code Ann. §§ 75-3-803 and 75-7-509.

§ 75-3-803(1) provides,

All claims against a decedent's estate which arose before the death of the decedent, including claims of the state and any subdivision of it, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by other statute of limitations, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented within the earlier of the following dates:
    (a) One year after the decedent's death; or
    (b) Within the time provided by Subsection 75-3-801(2) for creditors who are given actual notice, and where notice is published, within the time provided in Subsection 75-3-801(1) for all claims barred by publication.

§ 75-7-509(1) provides the same for claims against a trust,

All claims against a deceased settlor which arose before the death of the deceased settlor, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by other statutes of limitations, are barred against the deceased settlor's estate, the

---

[7] *Iqbal*, 556 U.S. at 679 (alteration in original) (citations and internal quotation marks omitted).

[8] *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

[9] *Misner v. Potter*, 2:07-CV-330 TS, 2008 WL 410128, at *1 (D. Utah, Feb. 12, 2008).

5

> trustee, the trust estate, and the beneficiaries of the deceased settlor's trust, unless presented within the earlier of the following:
> (a) One year after the settlor's death; or
> (b) The time provided by Subsection 75-7-508(2) or (3) for creditors who are given actual notice, and where notice is published, within the time provided in Subsection 75-7-508(1) for all claims barred by publication.

Under Utah law, these nonclaim statutes operate as a jurisdictional bar rather than a statute of limitation subject to tolling.[10] Once controlling, the statute "operates to deprive a court of jurisdiction," resulting in an absolute bar of the claims.[11]

In response, the Huntsman Defendants argue that the Utah Nonclaim Statutes are inapplicable to the present case because such statutes bar claims "against a decedent's estate which arose before the death of the decedent" or "against a deceased settlor," rather than against an administrator of an estate or against the Trust itself. The Huntsman Defendants argue that the Estate and Trust Defendants have contractually assumed responsibility for the outstanding debts of Sunrise under the Agreement. The Huntsman Defendants reason that because "the legal obligation underlying the [crossclaims] herein is not an obligation which was owed by the decedent/settlor, but is rather an obligation that was affirmatively assumed and owed by the [Estate and Trust Defendants,] . . . the obligation is not subject to [the nonclaim statutes]."[12]

However, the Huntsman Defendants' crossclaims against the Estate and Trust Defendants for contribution and indemnification are based on the Decedent's alleged negligence or mismanagement of assets. In its Amended Crossclaim, the Huntsman Defendants did not reference the existence of a contract, but rather alleged that "the Estate of Lyman Huntsman

---

[10] *See In re Estate of Ostler*, 227 P.3d 242, 246 (Utah 2009).

[11] *Id.* at 245.

[12] Docket No. 63, at 10.

remains legally responsible for the actions, omissions, or conduct of Decedent Lyman Huntsman. The Lyman E. and Marie M. Huntsman Family Trust shares such responsibility, and is in possession of the substantial assets of the Estate."[13]  Accordingly, the Huntsman Defendants' crossclaims against the Estate and Trust fall under §§ 75-3-803(1) and 75-7-509(1) as claims "which arose before the death of the Decedent [or settlor] . . . absolute or contingent . . . founded on contract, tort or other legal basis."

Under the controlling nonclaim statutes, the Huntsman Defendants were required to present their claims within one year after the death of the Decedent.  In order to comply with the statutes' presentation requirement, "a claimant need not commence a court action . . . but rather 'may deliver or mail to the personal representative . . . a written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed.'"[14]  Importantly, "mere knowledge on the part of the executor or administrator of the existence of a debt or claim against the estate is not sufficient to dispense with the necessity of presentation."[15]

The Huntsman Defendants argue that the pleadings indicate that the Estate and Trust Defendants were appraised of Fornazor's claims within one year after the death of Lyman Huntsman, which occurred on November 1, 2012.  In its Crossclaim, the Huntsman Defendants incorporate Fornazor's allegations within their Amended Complaint.  In relevant part, the Amended Complaint alleges:

> 40.  During this time period, Nick Huntsman advised that the "trustee" of his deceased brother's "estate" had assumed this obligation, that it would all be paid,

---

[13] Docket No. 51, at 3.

[14] *In re Estate of Uzelac*, 114 P.3d 1164, 1167 (Utah Ct. App. 2005) (quoting Utah Code Ann. § 75-3-804(1)(a)); *see also* Utah Code Ann. § 75-5-510(1)(a).

[15] *Clayton v. Dinwoodey*, 93 P. 723, 727 (Utah 1908).

7

that the family had sold the ranch estate, and that they would pay the amount owed out of this sale.  Nick Huntsman further advised that the Estate was pushing him for numbers to finalize this outstanding issue.  Notwithstanding these representations, such payment or reconciliation was not promptly forthcoming, with many issues being raised as the excuse for why this was not completed.

41.  At the end of August 2013, Nick Huntsman finally sent his analysis. Thereafter, Nick Huntsman and Ms. Warner communicated multiple times regarding different figures being provided.  Ms. Warner requested that Nick Huntsman forward all the backup for the figures he had.  It took more than a month for Nick Huntsman to forward additional information.  Nick Huntsman advised Ms. Warner that he provided to the "trustee" the same information he provided to Fornazor and that the "trustee" had assumed the debt and stated it was "filed through the courts."

45.  Using such information as it had available to it, Fornazor determined preliminarily that the amount due for the cost of the hay alone was $819,493.21. Fornazor sent demand to counsel for the Estate, as directed by Nick Huntsman, but received no payment.

46.  After non-payment by the Estate, Ms. Warner contacted Nick Huntsman on November 20, 2013, and advised that payment had not been received and that Fornazor would be retaining legal counsel.  Nevertheless, to date no payment of any amount outstanding has been made to Fornazor by any party.[16]

Under a Rule 12(b)(6), the Court must accept these allegations as true and view them in a light most favorable to the Huntsman Defendants.  Though specific facts are not necessary in order to sufficiently state a claim, "[the] court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[17]  At most, these allegations support the contention that the Estate and Trust Defendants were informed of Fornazor's claims against them and that, at some point before November 20, 2013, "Fornazor sent demand to counsel for the Estate, as directed by Nick

---

[16] Docket No. 25, at 10–12.

[17] *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citation omitted).

8

Huntsman, but received no payment."[18] The Huntsman Defendants have not pleaded that their demand took the form as required under Utah law for proper presentation. Without more, the allegations in the Amended Complaint incorporated into the Huntsman Defendants' Crossclaim are legally insufficient and lack "enough facts to state a claim to relief that is plausible on its face."[19]

Therefore, the Court will grant the Estate and Trust Defendants' Motion to Dismiss Crossclaims.

B.  MOTION TO DISMISS THIRD-PARTY COMPLAINT

In their Third-Party Complaint, the Huntsman Defendants bring six causes of action against the Estate and Trust Defendants and Wade Huntsman for contribution, indemnity, embezzling, conversion, unjust enrichment, and breach of contract. In their Motion, the Estate and Trust Defendants argue that claims one through five, arising out of tort and equity, are barred against the Estate and Trust under Utah's nonclaim statutes, Utah Code Ann. §§ 75-3-803(1) and 75-7-509(1), and that claim six, based on contract, is barred under Utah Code Ann. §§ 75-3-803(3)(a) and 75-7-509(3)(a).

The Huntsman Defendants argue that Utah's nonclaim statutes apply to claims based solely on the alleged actions of the Decedent, and therefore are inapplicable in this matter. The Huntsman Defendants argue that their third-party claims "are based in whole or in part on the obligations of the Trust itself, and not merely on the obligations of the decedent or the estate."[20] Additionally, the Huntsman Defendants argue that their third, fourth, and fifth causes of action—

---

[18] Docket No. 25, at 12.

[19] *Bell Atl. Corp.*, 550 U.S. at 570.

[20] Docket No. 64, at 10.

9

for embezzlement, conversion, and unjust enrichment respectively— have some basis in the conduct of Wade Huntsman. The Huntsman Defendants reason that, if their claims arise from obligations and/or conduct from the Trust, Estate, or Wade Huntsman, rather than from the Decedent, then the nonclaim statutes will not apply.

However, Utah Code Ann. § 75-7-509(3) provides,

> All claims against a deceased settlor's estate or trust estate which arise at or after the death of the settlor, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort or other legal basis are barred against the deceased settlor's estate, the trustee, the trust estate, and the beneficiaries of the deceased settlor, unless presented as follows:
>
>> (a) a claim based on a contract with the trustee within three months after performance by the trustee is due.

Additionally, Utah Code Ann. § 75-3-803(3) contains an identical provision for claims based on a contract with the personal representative.

The plain language of §§ 75-7-509(3) and 75-3-803(3) lacks limiting language barring claims arising solely from the alleged conduct of the Decedent. Rather, as is the case here, "all claims against a deceased settlor's estate or trust estate which arise at or after the death of the settlor . . . absolute or contingent . . . founded on contract, tort or other legal basis"[21] are barred unless presented in accordance with the statute. Accordingly, whether third-party claims arise out of the alleged conduct of the Decedent, or a contractual obligation with the Trust, or Wade Huntsman, all third-party claims asserted against Estate and Trust Defendants are jurisdictionally barred under §§ 75-3-803(1) and 75-7-509(1) if arising before the death of the Decedent or under §§ 75-3-801(3) and 75-7-509(3) if it arising after the death of the Decedent unless properly

---

[21] Utah Code Ann. § 75-7-509(3)(a).

presented within the allocated time frame. Of course, claims may remain against Wade Huntsman, who has not sought dismissal.

Here, claims one through five, based in tort and equity against the Estate and Trust Defendants, fall under §§ 75-3-803(1) and 75-7-509(1). These claims, based on the alleged actions of the Decedent or Wade Huntsman, "arose before the death of the decedent" or "deceased settlor" and are barred unless presented within one year of the Decedent's death.

The Huntsman Defendants assert that "pleadings in this case indicate that within one year of that date, the Estate and representatives of the Trust were apprised of Fornazor claims"[22] and that "sufficient allegations have been made to create an issue of fact with regard to [the Estate and Trust Defendants'] receipt of notice sufficient to satisfy the various statutes of Chapter 7, Title 75."[23] The Huntsman Defendants incorporate the allegations of Fornazor's Amended Complaint into its Third Party Complaint.[24]

As set forth above, the Huntsman Defendants fail to plead sufficient facts regarding presentation of its claims based in tort and equity to survive a motion to dismiss. Therefore, the Court will dismiss third-party claims one through five against Estate and Trust Defendants.

Claim six for breach of contract falls under §§ 75-3-801(3) and 75-7-509(3) and, as such, requires presentation within three months after performance by the trustee is due. Assuming *arguendo* that the Trust assumed Fornazor's debt as part of the "existing debts" under § 4 of the Agreement, the Huntsman Defendants were required to present their claim by May 1, 2013—three months after the Agreement's effective date. At the hearing, counsel for Fornazor

---

[22] Docket No. 64, at 13.

[23] *Id.*

[24] Docket No. 52, at 5.

presented evidence of possible written presentation of Huntsman Defendants' claims based on contract to the Trust Defendant prior to May 1, 2013. Therefore, the Court will grant the Estate and Trust Defendants' Motion to Dismiss Crossclaims without prejudice as to the Trust and allow the Huntsman Defendants the opportunity to replead. However, the Court will dismiss with prejudice as to the Estate because the Estate is not a party to the Agreement.

As a final matter, all third-party claims against Marie Holyoak, as an individual, will be dismissed. Claims against Marie Holyoak are based solely on the allegation that all "Third-Party Defendants were acting in furtherance of a common or concerted scheme of conduct, and that [they . . . ] were acting as agents, representatives, and alter-egos of [each other]."[25] Mere allegations of a conspiracy, without factual allegations supporting that claim, are insufficient to survive a motion to dismiss. Thus, the Court will dismiss all third-party claims against Marie Holyoak.

C. MOTION FOR JUDGMENT ON THE PLEADINGS

Fornazor asserts a breach of contract claim against the Estate and a third-party beneficiary claim against the Trust in its Amended Complaint. Fornazor also asserts other remedial claims against the Estate and Trust Defendants, but they are dependent on the validity of its breach of contract and third-party beneficiary claims.

In its Motion for Judgment on the Pleadings, the Estate and Trust Defendants argue that Fornazor's breach of contract claim against the Estate based on an alleged oral contract fails under Utah's Statute of Frauds. The Estate and Trust Defendants further argue that Fornazor is not a third-party beneficiary to the Agreement between the Trust and the Huntsman Defendants.

---

[25] *Id.*

12

Therefore, the Estate and Trust Defendants argue that Fornazor cannot bring its contract-based claims against the Estate and Trust. Alternatively, the Estate and Trust Defendants contend that Fornazor's contract-based claims against the Estate and the Trust are barred by the Utah Nonclaim Statutes.

*1. Breach of Contract Claim Against the Estate*

In its Response, Fornazor asserts that its claims against the Estate are "based on the Estate's voluntary assumption of obligations and a delegation of duties by the Nick Huntsman Defendants."[26] In its Amended Complaint, Fornazor alleges that Nick Huntsman referred to the Estate and Trust interchangeably and informed Fornazor of an agreement whereby the "'trustee' of his deceased brother's 'estate' had assumed [the debt]."[27] To the extent that these alleged facts refer to the Agreement between the Trust and Huntsman Defendants, the Estate is not a party to the Agreement and a breach of contract claim against the Estate arising from the contract is dismissed.

However, to the extent that Fornazor bases its breach of contract claim on an oral assignment or agreement whereby the Estate independently or additionally assumed obligations owed to Fornazor, its claim is barred under the Utah Statute of Frauds. Utah Code Ann. § 25-5-4 provides that "every promise to answer for the debt, default, or miscarriage of another" is "void unless the agreement, or some note or memorandum of the agreement, is in writing, signed by the party to be charged with the agreement."[28]

---

[26] Docket No. 72, at 23.

[27] Docket No. 25, at 10–11.

[28] Utah Code Ann. § 25-5-4.

Fornazor argues that a statute of frauds defense cannot appropriately be determined on a motion for judgment on the pleadings. However, Utah courts have found "where . . . the plaintiff specifically allege[s] and [seeks] to enforce the existence of an oral contract . . . the statute of frauds is an appropriate basis for a motion to dismiss for failure to state a claim."[29] In its Amended Complaint, Fornazor alleges in relevant part,

> 138. On information and belief, the Estate took an oral assignment or delegation of the obligations owed to Fornazor by Nick Huntsman, Mountain Sunrise, and Export Processors.
> 139. Nick Huntsman represented to Fornazor, on his own behalf and on behalf of Mountain Sunrise and Export Processors, that the Estate had taken assignment or delegation of the obligations owed to Fornazor.
> 140. The Estate, through its attorney, confirmed that the Estate had taken assignment or delegation of such obligations, invited a demand and supporting documentation from Fornazor on its claims, and negotiated with Fornazor on its claims.

However, Fornazor did not allege that a writing memorializing the agreement exists. In its Response, Fornazor now proffers that a writing exists and will produce it in this matter. "If, on a motion under Rule 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment."[30] To date, Fornazor has not produced such a writing, and a request to convert this motion into one for summary judgment has not been made. Where, as here, "it appears upon the face [of the complaint] that the contract rests merely in parol," the claims may be dismissed on a motion to dismiss.[31]

The Court will dismiss Fornazor's breach of contract claim and all remedial claims based in contract against the Estate under the Statute of Frauds without prejudice.

---

[29] *Davis v. Goldsworthy*, 233 P.3d 496, 500 n. 5 (Utah Ct. App. 2010).

[30] Fed. R. Civ. P. 12(d).

[31] *Case v. Ralph*, 188 P. 640, 643 (Utah 1920).

### 2. *Third-Party Beneficiary Claim Against the Trust*

Fornazor argues that it is an intended third-party beneficiary to the Agreement. Pointing to its Amended Complaint, Fornazor argues that "its claims fit within the terms of the Membership Interest Purchase Agreeement; that Nick Huntsman represented the Trust had specifically assumed this obligation; and that the Trust invited and reviewed the claim and did not deny it but sought rather to negotiate it."[32] Fornazor contends that, at the very least, its status as a third-party beneficiary is a question of fact left for the jury, precluding judgment on the pleadings. Additionally, Fornazor argues that the Trust waived its third-party beneficiary argument by encouraging, accepting, and approving Fornazor's claim as alleged in the Amended Complaint.

Under Utah law, "[t]he existence of third party beneficiary status is determined by examining a written contract."[33] "If the language within the four corners of the contract is unambiguous, the parties' intentions are determined from the plain meaning of the contractual language, and the contract may be interpreted as a matter of law."[34] "An ambiguity exists if the contract provision is susceptible to more than one reasonable interpretation."[35] "If the trial court

---

[32] Docket No. 72, at 22.

[33] *Lilley v. JP Morgan Chase*, 317 P.3d 470, 472 (Utah Ct. App. 2013) (quoting *Wagner v. Clifton*, 62 P. 3d 440, 442 (Utah 2002)).

[34] *Wagner*, 62 P.3d at 442 (quoting *WebBank v. Am. Gen. Annuity Serv. Corp.*, 54 P.3d 1139, 1145 (Utah 2002)).

[35] *Id*.

determines that the language of an agreement is facially ambiguous as a matter of law, the intent of the parties is a question of fact."[36]

Here, § 6(d) of the Agreement states,

> This agreement shall be binding upon and inure to the benefit of the parties and to their respective heirs, representatives, successors and permitted assignees. This agreement is intended for the exclusive benefit of the parties and permitted assignees and is not intended and shall not be interpreted as conferring any benefit on any third party.[37]

The plain language of the Agreement expressly states that the contract "is not intended and shall not be interpreted as conferring any benefit on any third party." This provision is clear, unambiguous, and can be interpreted as a matter of law.

Fornazor argues that this "no third-party beneficiary" disclaimer does not preclude a factual finding of third-party beneficiary status in the face of conflicting evidence. However, this is not the law in Utah. Rather, Utah courts have dismissed a third-party beneficiary claim pursuant to a Rule 12(b)(6) motion where the contract contained a clause declaring that there was no intended third-party beneficiary.[38] Under Utah law, "only if the written contract's clear intent is to confer rights upon a third party may that third party enforce rights and obligations of the contract."[39] Here, the written contract does not demonstrate a clear intent to confer rights upon Fornazor. To the contrary, the Agreement's clear intent is to reject Fornazor's claim as a third-party.

---

[36] *Blosch v. Natixis Real Estate Capital, Inc.*, 311 P.3d 1042, 1047 (Utah Ct. App. 2013) (citation and internal quotations omitted).

[37] Docket No. 58-2, at 6.

[38] *See Lilley*, 317 P.3d at 473; *SME Inds., Inc. v. Thompson, Ventulett, Stainback & Assoc., Inc,,* 28 P.3d 669, 685 (Utah 2001).

[39] *Lilley*, 317 P.3d at 472 (quoting *Wagner*, 62 P.3d at 442).

Alternatively, Fornazor argues that the Trust waived its third-party beneficiary argument by encouraging, accepting, and approving Fornazor's claims. Fornazor misapplies the wavier doctrine. "A waiver is the intentional relinquishment of a known right. To constitute waiver, there must be an existing right, benefit or advantage, a knowledge of its existence, and an intention to relinquish it."[40] Here, it cannot be said that the Estate and Trust Defendants' analysis of Fornazor's claims is equivalent to an intentional relinquishment of the contracting parties' intention to exclude third party beneficiaries. Therefore, the Court will dismiss Fornazor's third-party beneficiary claim and all remedial claims based in contract against the Trust.

As a result, the Court need not reach the further arguments raised by Fornazor.

## IV.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Amend (Docket No. 55) is DENIED as moot. It is further

ORDERED that the Estate and Trust Defendants' Motion to Dismiss Crossclaim (Docket No. 56) is GRANTED. It is further

ORDERED that the Estate and Trust Defendants' Motion to Dismiss Third-Party Complaint (Docket No. 57) is GRANTED without prejudice as to the Trust Defendant with leave to amend, and with prejudice as to the Estate Defendant. It is further

ORDERED that the Estate and Trust Defendants' Motion for Judgment on the Pleadings (Docket No. 58) is GRANTED.

---

[40] *Soter's, Inc. v. Deseret Fed. Sav. & Loan Ass'n*, 857 P.2d 935, 942 (Utah 1993).

DATED this 19th day of October, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge